BRES

FILED
AUG - 3 2017
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTERNATIONAL MANUFACTURING GROUP, INC.,<br><br>        Debtor.<br>_____<br><br>JTS COMMUNITIES, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ZB, N.A., et al.,<br><br>        Defendants.<br>_____ | Case No. 14-25820-D-11<br><br><br><br><br><br><br><br>Adv. Pro. No. 17-2109-D<br><br><br>Docket Control No. IWC-1<br><br><br><br>DATE: August 2, 2017<br>TIME: 10:00 a.m.<br>DEPT: D |

### MEMORANDUM DECISION

This is the motion of the plaintiffs in this adversary proceeding to remand the action to the Sacramento County Superior Court, from which the action was removed by the defendants pursuant to 28 U.S.C. § 1452. The defendants have filed opposition and the plaintiffs have filed a reply. For the following reasons, the motion will be granted.

> The removing part[ies] [here, the defendants] bear[] the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See Gaus, 980 F.2d at 566.

Winn v. Chrysler Group, LLC, 2009 U.S. Dist. LEXIS 119661, *5

(E.D. Cal. 2009).

The bankruptcy case in which this adversary proceeding is pending is a chapter 11 case in which a plan of liquidation was filed on October 12, 2016 and confirmed two and a half months later. A plan administrator was appointed pursuant to the plan. The plan administrator was not a party to the state court action before it was removed and is not a party to this adversary proceeding. Both the plaintiffs and the defendants in this adversary proceeding are, however, defendants in separate adversary proceedings brought by the then-chapter 11 trustee before the plan was confirmed and since maintained by the plan administrator. It is, in essence, based on these "connections" with the bankruptcy case that the defendants removed this action from the state court and now oppose remand. The defendants also rely, albeit less so, on the pendency of the underlying bankruptcy case itself, the pendency of the related bankruptcy case of Deepal Wannakuwatte, the proofs of claim filed by the plaintiffs in the underlying case, and a putative class action recently filed against defendant ZB, N.A. in the district court for this district as "connections" supporting their position that this court has "related to" jurisdiction over the removed state court action.

The court finds that those proceedings are not sufficient, either individually or in total, to support "related to" jurisdiction of the removed state court action. The plaintiffs' claims are all state law claims; there are no issues of bankruptcy law. Further, the claims are not asserted in any of the proceedings relied on by the defendants, listed above. The

plan administrator's claims against the plaintiffs in the one adversary proceeding concern the relationship between the plaintiffs, on the one hand, and the debtor, its principal, and his Ponzi scheme, on the other, whereas the plan administrator's claims against defendant ZB, N.A. in the other -- separate -- adversary proceeding concern the relationship between the debtor, its principal, and the Ponzi scheme, on the one hand, and defendant ZB, N.A., on the other.  (Two individual defendants in the removed state court action are not parties to either of the plan administrator's adversary proceedings.[1])

    Although the plan administrator's complaints mention the letter of credit arrangements that are an element in the plaintiffs' allegations in the state court action, the plaintiffs' allegations against the defendants do not form any part of the allegations in either of the plan administrator's adversary proceedings.  The "bad acts" the state court plaintiffs allege the defendants committed against them play virtually no role in the adversary proceedings and the liability, if any, of the defendants to the plaintiffs will not be adjudicated in those adversary proceedings.

    Finally, the outcome of the state court action will have no impact on the interpretation, implementation, consummation, execution, or administration of the confirmed liquidating plan, as required for this court to exercise jurisdiction in this post-

---

    1.  The court is not persuaded by the defendants' contention that the plaintiffs included the individual defendants for the sole purpose of destroying federal diversity jurisdiction.

confirmation action.² The state court action could have been brought preconfirmation; in fact, assuming without deciding the plaintiffs were aware of the claims, it could have been brought pre-petition. Its resolution has nothing to do with the confirmed plan in this case. Although there is a common factual scenario at the heart of all the complaints -- the Ponzi scheme perpetrated by the debtor's principal, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy itself does not justify federal jurisdiction." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984).

At most, a judgment in favor of the plaintiffs in the state court action, if collected, could possibly reduce the amount of their claims against the bankruptcy estate in this case and thereby increase the dividend to other creditors. The Ninth Circuit has rejected, albeit in dicta, the notion that this factor in itself creates post-confirmation "related to" jurisdiction. "We specifically note that in reaching this decision, we are not persuaded by the Appellees' argument that jurisdiction lies because the action could conceivably increase the recovery to the creditors." Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1194, n.1 (9th Cir. 2005). "As the other circuits have noted, such a rationale could endlessly

---

2. This is the "close nexus" test that applies in post-confirmation cases, as adopted by the Ninth Circuit in Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1194 (9th Cir. 2005), citing Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d 154, 166-67 (3rd Cir. 2004).

stretch a bankruptcy court's jurisdiction." Id. At least three courts within the Ninth Circuit, relying in part on that statement, have held that the fact of a potential impact on the dividend to creditors is not sufficient to establish post-confirmation "related to" jurisdiction. <u>Calvert v. Berg (In re Consol. Meridian Funds)</u>, 511 B.R. 140, 146 (Bankr. W.D. Wash. 2014);[3] <u>Heller Ehrman LLP v. Gregory Canyon Ltd. (In re Heller Ehrman LLP)</u>, 461 B.R. 606, 609-10 (Bankr. N.D. Cal. 2011); <u>ML Servicing Co. v. Greenberg Traurig, LLP</u>, 2011 U.S. Dist. LEXIS 85066, *7-8 (D. Ariz. 2011).[4]

A brief review of two cases in which the Ninth Circuit did find a "close nexus" supporting post-confirmation jurisdiction illustrates the difference from this case, where the only

---

3. The court in <u>Consol. Meridian</u> found "related to" jurisdiction on a different ground -- that the claim was specifically "considered by the bankruptcy court when confirming the plan" and "formed part of the calculus of the parties when negotiating the Plan and the pursuit of which is part of the Plan execution and/or implementation." Id. In that case, the claim at issue was the liquidating trustee's claim against the debtor's pre-petition accountants for professional negligence and misrepresentation.

4. The defendants cite several cases for their contrary theory that bankruptcy courts generally have "related to" jurisdiction where the outcome might affect the amount one or the other of the parties will receive as a creditor in the bankruptcy case. Those cases -- <u>Kaonohi Ohana, Ltd. v. Sutherland</u>, 873 F.2d 1302, 1307 (9th Cir. 1989); <u>In re Fietz</u>, 852 F.2d 455, 457 (9th Cir. 1988); <u>Nuveen Mun. Trust v. Withumsmith Brown, P.C.</u>, 692 F.3d 283, 297-98 (3rd Cir. 2012); and <u>Omega Tool Corp. v. Alix Partners, LLP</u>, 416 B.R. 315, 320 (E.D. Mich. 2009) -- do not apply here because either (1) the case was decided before the Ninth Circuit, in <u>Pegasus Gold</u>, modified the <u>Pacor</u> test for postconfirmation matters (<u>Fietz</u>, <u>Kaonohi Ohana</u>); (2) there was no confirmed plan (<u>Kaonohi Ohana</u>); or (3) the case was decided strictly under the <u>Pacor</u> test, as adopted by the Sixth Circuit, without consideration of the post-confirmation distinction announced in <u>Pegasus Gold</u> (<u>Omega Tool</u>, 416 B.R. at 320-22) or under a modified version of the <u>Pacor</u> test that is not the test in the Ninth Circuit (<u>Nuveen</u>, 692 F.3d at 293-95).

connection is a possible change in the dividend to creditors.  In
Pegasus Gold, the court found such a "close nexus" where a new
entity formed pursuant to a confirmed chapter 11 plan to perform
reclamation work at the debtor's mines for the State of Montana
sued the state, alleging it had breached the plan and other
agreements entered into in connection with the plan.  The court
found that resolution of the claims would likely require
interpretation of the plan and the agreements and "could affect
the implementation and execution of the Plan itself, which
specifically called for the creation of [the new entity] and the
transfer of debtor money to fund it."  394 F.3d at 1194.

And in Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re
Courtyard), 729 F.3d 1279 (9th Cir. 2013), post-confirmation, the
former partners of the reorganized debtor reported cancellation
of debt income on their tax returns and the Franchise Tax Board
sought to assess unpaid income taxes on them, characterizing the
transaction whereby the reorganized debtor was created and
partnership debt was forgiven (via the plan) as a disguised sale
and the partners' reported cancellation of debt income as capital
gains.  The court held that determination of the sale/non-sale
attributes of the transaction "requires a close look at the
economics of the transaction as detailed in the Plan and
Confirmation Order" (729 F.3d at 1289 (citations omitted)), and
added that resolution of the key issue would also involve an
issue of bankruptcy law -- "the distinctly federal question of
whether 11 U.S.C. § 346 applies to non-debtor general partners of
a debtor partnership that was dissolved as part of the
reorganization."  Id. at 1290.

The present case will not require interpretation or affect the implementation, execution, or administration of the confirmed plan. Instead, the case is more akin to <u>Battle Ground Plaza, LLC v. Ray (In re Ray)</u>, 624 F.3d 1124 (9th Cir. 2010), where, post-confirmation, the holder of a pre-petition right of first refusal sued in state court a reorganized debtor, his non-debtor partner, and the third party they had sold certain real property to -- with bankruptcy court approval after the plan was confirmed, alleging they had breached its right of first refusal. The bankruptcy court granted the debtor's motion to reopen his case, but on appeal, the Ninth Circuit held that "the bankruptcy court did not retain 'related to' jurisdiction for this breach of contract action that could have existed entirely apart from the bankruptcy proceeding and did not necessarily depend upon resolution of a substantial question of bankruptcy law." 624 F.3d at 1135.

The cases cited by the defendants miss the mark. First, the defendants' reliance on the <u>Pacor</u> test, adopted by the Ninth Circuit in <u>In re Fietz</u>, 852 F.2d 455, 457 (9th Cir. 1988) -- whether the state court action "could conceivably have any effect on the estate being administered in bankruptcy" (<u>id.</u>, citing <u>Pacor</u>, 743 F.2d at 994) -- is misplaced because it has expressly been modified for cases brought post-confirmation, where the narrower "close nexus" test applies. <u>Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Courtyard)</u>, 729 F.3d 1279, 1287 (9th Cir. 2013), citing <u>Pegasus Gold</u>, 394 F.3d at 1194.

The defendants rely heavily on <u>Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.)</u>, 410 F.3d 100

(1st Cir. 2005), and <u>ML Liquidating Trust v. Mayer Hoffman McCann P.C. (In re Mortgs. Ltd.)</u>, 452 B.R. 776 (Bankr. D. Ariz. 2011), for their proposition that the <u>Pacor</u> test should apply in all cases involving a liquidating plan rather than a reorganization plan. That was not the holding of either of those cases. In those cases, the claims in question were brought by the trustee of a liquidating trust established pursuant to a confirmed plan and they were claims that had been property of the estate pre-confirmation.[5] The present case is not a case of claims being pursued by a plan-created liquidating trustee and the plaintiffs are not asserting claims the outcome of which could benefit (or harm) creditors as a whole. This is merely a case of one group of nondebtor parties suing another group of non-debtor parties on claims that were not property of the bankruptcy estate, could not have been asserted by the trustee, and could not be asserted by the plan administrator.

Similarly, in <u>Pam Capital Funding, L.P. v. New NGC, Inc. (In re Kevco, Inc.)</u>, 309 B.R. 458 (Bankr. N.D. Tex. 2004), also cited by the defendants, the plaintiffs were bondholders of the debtor, pursuing what the court found to be virtually the same claims as those being pursued by the post-confirmation plan agent (309 B.R. at 466-68); that is, claims that were property of the estate.

---

5. Thus, in <u>Boston Reg'l</u>, the court held that "when a debtor (or a trustee acting to the debtor's behoof) commences litigation designed to marshal the debtor's assets for the benefit of its creditors pursuant to a liquidating plan of reorganization, the compass of related to jurisdiction persists undiminished after plan confirmation." 410 F.3d at 107. And in <u>Mortgs. Ltd.</u>, the court held that "the scope of 'related to' bankruptcy jurisdiction should not change when a plan-created liquidating trust pursues a debtor cause of action." 452 B.R. at 786.

- 8 -

Id. at 465. Nothing of the sort is present here.[6]

Finally, Valley Health Sys. Ret. Plan v. Kirton (In re Valley Health Sys.), 584 Fed. Appx. 477 (9th Cir. 2014), is inapposite because in that case, the plaintiffs' post-confirmation state court mandamus petition was filed against the reorganized debtor itself (and others) and resolution would require a court to determine whether the debtor's chapter 9 plan enjoined the plaintiffs from bringing suit. No such factors are present here.

The court concludes it does not have subject matter jurisdiction of the removed state court action because the action is not "related to" the bankruptcy case or the plan. However, for the sake of completeness, the court will briefly address the issues of abstention and equitable remand, raised by the parties. First, the court cannot abstain because there is no pending state court action for the court to abstain from. "Abstention can exist only where there is a parallel proceeding in state court." Security Farms v. International Bhd. Of Teamsters, 124 F.3d 999, 1009 (9th Cir. 1997). Where a state court action has been removed to a federal court, the question becomes one of remand. Id. at 1010.[7] However, if the state court action had not been

---

6. The "manipulation of the process" the Kevco court referred to, which the defendants here contend is akin to the plaintiffs' filing of the state court action after plan confirmation, consisted of amending their complaint postconfirmation in an attempt to recast claims they had originally asserted long before confirmation. The plaintiffs here have done no such thing. Whether, for some reason, they delayed too long in filing their complaint is a matter for the state court.

7. The factors to be considered for permissive abstention, (continued...)

removed and if this court had determined it had "related to" jurisdiction of the dispute, the court would have found abstention to be mandatory, pursuant to 28 U.S.C. § 1334(c)(2). The action could not have been commenced in this court absent bankruptcy jurisdiction and the action was commenced, and can be timely adjudicated, in a state court of appropriate jurisdiction.

Finally, even if this court had "related to" jurisdiction of the removed state court action, the court would remand the action on equitable grounds. (The court may remand "on any equitable ground." 28 U.S.C. § 1452(b).) In this case, equitable factors weigh heavily in favor of remand, especially the presence of state law issues only and non-debtor parties only, the unlikelihood of any effect on the administration of the remaining assets of and claims against the estate, and the remoteness of the "nexus" between the state court action, on the one hand, and the plan and the bankruptcy case, on the other. See In re Cedar Funding, Inc., 419 B.R. at 820-21.[8]

The defendants' position that remand of the state court action might result in inconsistent results as between that action and the plan administrator's adversary proceedings does not outweigh the considerations in favor of remand. The defendants suggest the state court action implicates the

---

7.(...continued)
under 28 U.S.C. § 1334(c)(1), are, however, similar to those to be considered for remand on equitable grounds, under 28 U.S.C. § 1452(b). See In re Tucson Estates, Inc., 912 F.2d 1162, 1166-67 (9th Cir. 1990); Nilsen v. Neilson (In re Cedar Funding, Inc.), 419 B.R. 807, 820-21, n.18 (9th Cir. BAP 2009).

8. Virtually the same factors would support permissive abstention, under 28 U.S.C. § 1334(c)(1). See In re Tucson Estates, Inc., 912 F.2d at 1166-67.

plaintiffs' good faith defense to the fraudulent transfer claims in the plan administrator's adversary proceeding against them and the defendants' in pari delicto defense to the fraudulent transfer claims against them in the other adversary proceeding. In light of the factors weighing in favor of remand, the possibility of inconsistent results carries little weight here.[9]

For the reasons stated, the motion will be granted. The plaintiffs' request for attorney's fees under 28 U.S.C. § 1447(c) will be denied.

Dated: August 03, 2017

*Robert Bardwil*
Robert S. Bardwil, Judge
United States Bankruptcy Court

---

9. The risk of inconsistent determinations arises frequently in our judicial system, however. The exact same claims can and have been brought in multiple jurisdictions depending on the citizenship of the parties and the amount at issue. While courts have some flexibility in consolidating diverse actions in a single venue or before a single judge, they are not free to ignore jurisdictional limitations simply because it would promote uniformity. While avoiding inconsistent determinations and/or collateral challenges to a confirmed plan is a valid consideration when determining "related to" jurisdiction, it cannot dominate the analysis lest jurisdiction be expanded for reasons unrelated to the underlying bankruptcy or plan and therefore unauthorized by § 1334(b).

Consol. Meridian, 511 B.R. at 147.

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the U.S. Mail.

Ian W. Craig
3455 American River Dr #A
Sacramento CA 95864

Joel G. Samuels
1000 Wilshire Blvd #1500
Los Angeles CA 90017

Robert S. McWhorter
500 Capitol Mall, Suite 1900
Sacramento CA 95814